Filed 10/15/25  P. v. Hines CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085643 |
| v. | (Super.Ct.No. FVI1201464) |
| WILLIE HINES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kathleen Curtis, Judge.  Appeal dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Willie Hines appeals from the order of the San Bernardino County Superior Court denying his Penal Code section 1172.1 petition for resentencing.[1]  We will dismiss the appeal.

## BACKGROUND

In 2011, defendant kicked his pregnant girlfriend in the abdomen and threw a keyboard at her as she lay unconscious on the floor.  The girlfriend and her unborn child died.  A jury convicted defendant of two counts of second degree murder and the trial court sentenced him to two prison consecutive terms of 15 years to life.  We affirmed the judgment.  (*People v. Hines* (June 8, 2015, E059223) [nonpub. opn.].)

In October 2024, defendant filed a request in the trial court seeking section 1172.1 resentencing relief on the grounds that certain statutes that had been applied at the time of his sentencing had since been amended.[2]

Section 1172.1 sets forth the procedures for resentencing a defendant who has been convicted of a felony offense and committed to the custody of the Secretary of the Department of Corrections and Rehabilitation (CDCR) or the custody of the county correctional administrator pursuant to subdivision (h) of section 1170.  (§ 1172.1, subd. (a)(1).)

---

[1] All further statutory references are to the Penal Code.

[2] The statutes listed in the petition are sections 3051 (youth offender parole hearing) and 188 (definition of malice).  He also cites section 1473, a statute that addresses habeas corpus inquiries and specifies subdivision "(c)(1)(D)."  That subdivision does not exist.

In relevant part, section 1172.1 authorizes the trial court to recall and resentence defendant on its own motion at any time if the applicable sentencing laws at the time of original sentencing had subsequently been changed by new statutory authority. (§ 1172.1, subd. (a).)  Section 1172.1 also makes clear that defendants are not entitled to request consideration for relief under the statute and, if they do, the trial court is not required to respond.  (§ 1172.1, subd. (c).)

Here, the trial court chose not to respond to defendant's request for section 1172.1 resentencing relief.  Defendant appealed the trial court's decision and his appointed appellate counsel filed a no-issues brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.  Defendant did not respond to our invitation to file a supplemental brief.

## DISCUSSION

The right to appeal is determined by statute, and a party may not appeal a trial court's judgment, order, or ruling that is not expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  Section 1237 limits a defendant's right to appeal postjudgment orders to those orders affecting the substantial rights of the party. (§ 1237, subd. (b).)

In a case like the present one in which the trial court does not have a statutory obligation to act on a defendant's motion, then that person was not deprived of any substantial rights.  (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)  Accordingly, the court's decision not to grant

defendant's request to recall and resentence him is not an appealable order. (*Faustinos*, *supra*, at p. 696; *Hodge*, *supra*, at p. 996.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

4